UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MINISTER IVEN CORNELIUS CRUSE,

   Plaintiff,

v.

EMMANUEL ESIANOR, P.A.,
WEXFORD HEALTH SOURCES, INC.,
CORIZON HEALTH, INC. and
YESCARE CORP.,

   Defendants.

Civil Action No. TDC-23-3064

## MEMORANDUM OPINION

Self-represented Plaintiff Minister Iven Cornelius Cruse, an inmate confined at the Eastern Correctional Institution in Westover, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 against Defendants Emmanuel Esianor, P.A., Wexford Health Sources, Inc. ("Wexford"), Corizon Health, Inc. ("Corizon"), and YesCare Corporation ("YesCare"), alleging that he was denied medical care in violation of his constitutional rights and that his privacy rights were violated. Wexford has filed a Motion to Dismiss, and YesCare and Esianor have filed a joint Motion to Dismiss. Cruse opposes both Motions. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions to Dismiss will be GRANTED.

## BACKGROUND

Cruse alleges that he was assaulted by correctional officers on September 23, 2021 and that from October 2021 to February 2022, Esianor refused to treat Cruse despite his injuries, falsified Cruse's medical information, and refused to provide Cruse with a treatment plan or medications,

in violation of his rights under the Eighth Amendment to the United States Constitution. Cruse further claims that after he sued Esianor, Esianor violated Cruse's privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C §§ 1320d–1320d-9 (2018), by filing with the court Cruse's unsealed medical file as part of his response to Cruse's complaint. Finally, Cruse alleges another violation of the Eighth Amendment based on deliberate indifference to his medical needs from 2014 to 2016. As relief, he seeks damages and the revocation of Esianor's license.

## DISCUSSION

In its Motion to Dismiss, Wexford seeks dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6). In their Motion, YesCare and Esianor seek dismissal under Rule 12(b)(6) on the grounds that Cruse's Eighth Amendment claim based on inadequate medical care in 2021 and 2022 is barred by the doctrine of *res judicata*, that his Eighth Amendment claim based on inadequate medical care from 2014 to 2016 is barred by the statute of limitations, and that Cruse generally has failed to state a plausible claim as to all of his causes of action. Because the Court will grant Wexford's Motion on the grounds that the Complaint fails to state a plausible claim for relief against Wexford, it need not address the Rule 12(b)(2) argument.

### I.   Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual

allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In resolving the Motions, the Court may take judicial notice of the filings and court rulings in *Cruse v. Frosh*, No. SAG-22-0521 (D. Md. 2022) ("*Cruse I*"), a related case filed in this District on March 4, 2022, for purposes of assessing whether *res judicata* precludes consideration of Cruse's claims in the present case. Fed. R. Evid. 201(b)(1)(2); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (stating that a "court may take judicial notice of facts from a prior judicial proceeding" in evaluating a *res judicata* claim as long as there is no dispute as to the "factual accuracy of the record of [the] previous suit").

## II.   Wexford and YesCare

Cruse's claims against Wexford and YesCare, entities that have provided medical care to Maryland state prisoners pursuant to contracts, will be dismissed for failure to state a claim. The doctrine of *respondeat superior*, or vicarious liability, is not applicable to claims under 42 U.S.C. § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (holding that there is no *respondeat superior* liability under § 1983). Other than naming Wexford and YesCare as defendants, Cruse does not provide any factual allegations of any acts or omissions by either entity, much less any relating to the deprivation of medical care or a violation of privacy rights. In particular, to hold such entities liable under § 1983, a plaintiff must demonstrate that the violation of rights was the result of a custom or policy of violating federal rights. *See Austin v. Paramount*

3

*Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999). Where the Complaint makes no such allegations, and there is no basis to conclude that such claims could be made, the Complaint will be dismissed as to Wexford and YesCare. The Court thus need not and will not address the other arguments for dismissal raised by either Wexford or YesCare.

### III.   Esianor

Esianor argues that the Eighth Amendment claim based on inadequate medical care from 2021 to 2022 is barred by the doctrine of *res judicata* because it was or could have been asserted in *Cruse I*. Cruse has provided no basis to oppose this argument. Esianor also argues that the remaining claims fail because there is no private right of action under HIPAA, and the Eighth Amendment claim relating to inadequate medical care from 2014 to 2016 is time-barred.

#### A.   *Res Judicata*

The Court will dismiss Cruse's Eighth Amendment claim based on inadequate medical care from October 2021 to February 2022 based on the doctrine of *res judicata*. Under this doctrine, a final judgment on the merits in an earlier decision precludes the parties from relitigating claims that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine of *res judicata* requires: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. The second element is satisfied if the claims at issue in the two cases "arise out of the same transaction or series of transactions or the same core of operative facts.'" *Id.* at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). *Res judicata* bars not only claims that were actually litigated in the prior proceeding, but also claims that could have been litigated. *Id.* at 355-56.

4

Here, all of the elements of *res judicata* are satisfied. Prior to filing the present action, Cruse had filed and litigated *Cruse I*. The defendants in *Cruse I* included Esianor, who is a defendant in the present case. In his Complaint in *Cruse I*, Cruse alleged that after he was assaulted by correctional officers on September 23, 2021, Esianor denied him medical care in violation of the Eighth Amendment. On March 21, 2023, before the filing of the present action, the court granted Esianor's Motion for Summary Judgment in *Cruse I*, including on the Eighth Amendment claim. *See Cruse I*, No. SAG-22-0521, 2023 WL 2585071, at *1-2, *5 (D. Md. Mar. 21, 2023). A grant of summary judgment is a final judgment on the merits. *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n.2 (4th Cir. 1984). Thus, the parties in the present case are the same as in *Cruse I*; the present claim relating to inadequate medical care in 2021 and 2022 is the same as in *Cruse I* or, at a minimum, could have been asserted in *Cruse I*; and there was a final judgment on the merits. Accordingly, *res judicata* bars Cruse's Eighth Amendment claim based on allegedly inadequate medical care in 2021 and 2022.

### B.   Remaining Claims

Cruse's remaining claims against Esianor will also be dismissed. First, Cruse's claim that Esianor violated HIPAA by submitting his unsealed medical records to the court in *Cruse I* must be dismissed because there is no private right of action under HIPAA. *See Payne v. Taslimi*, 988 F.3d 648, 660 (4th Cir. 2021). Second, Cruse's Eighth Amendment claim based on the alleged denial of medical care from 2014 to 2016 is time-barred. Because § 1983 does not contain a statute of limitations, courts are to apply the applicable state law statute of limitations that is "most analogous" and "most appropriate" to the § 1983 claim asserted. *Owens v. Okure*, 488 U.S. 235, 239 (1989) (quoting *Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 488 (1980), and *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462 (1975)). In Maryland, when the § 1983

claim involves personal injury, courts apply the general statute of limitations for civil actions, which is three years from the date that the cause of action accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101 (West 2020); *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 388 (4th Cir. 2014). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*).

Here, Cruse alleges that he was denied medical care during chronic care visits from 2014 to 2016. At that point, Cruse had sufficient facts regarding his injury to conclude that he had a cause of action. The Court therefore finds that the latest date of accrual applicable to those claims is December 31, 2016, such that a complaint had to be filed by December 31, 2019. Because Cruse signed his Complaint in the present case on August 23, 2023, long after the expiration of the three-year limitations period, the Eighth Amendment claim relating to allegedly inadequate medical care from 2014 to 2016 will be dismissed as time-barred.

## IV.   Final Judgment

For the reasons stated above, the Court will grant both Motions to Dismiss, such that all claims against Wexford, YesCare, and Esianor will be dismissed. There remains, however, one defendant, Corizon, which has filed bankruptcy proceedings in which an automatic stay has been issued. Thus, the case must be stayed as to Corizon. Nevertheless, where there is no just reason for delay in the final resolution of the claims against the other defendants, the Court can and will enter final judgment as to the remaining defendants pursuant to Rule 54(b).

## CONCLUSION

For the foregoing reasons, both Motions to Dismiss will be GRANTED, and final judgment will be entered as to Wexford, YesCare, and Esianor. A separate Order shall issue.

Date: July 2, 2024

THEODORE D. CHUANG
United States District Judge